UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:10-cr-00072-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **PATRICK JEROME BOYD,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's pro se Motion for Sentence Reduction. After entry of a plea of guilty to Count One, and after the government withdrew a notice of a prior conviction which would have required life imprisonment, this court sentenced defendant on April 19, 2012, to a term of 240 months imprisonment and entered Judgment April 30, 2012. Defendant appealed his conviction and sentence to the Court of Appeals for the Fourth Circuit and such appeal was dismissed in part based on defendant's appellate waiver and the Judgment was otherwise affirmed. Boyd v. United States, No. 12-4328 (4th Cir. May 6, 2013) (herein #91).

In the instant motion, defendant contends that he is entitled to relief from the 240 month term of imprisonment imposed on Count One, which charged defendant with conspiracy to possess with intent to distribute at least five kilograms of cocaine <u>and</u> at least 50 grams of cocaine base. In support of such argument, defendant cites the *Fair Sentencing Act of 2010* ("FSA") and further argues that the amount of controlled substance that was attributed to him at sentencing was incorrectly calculated. Thus, defendant's claim appears to be twofold: first, that

1

the amount of controlled substance attributed to him was incorrectly calculated at sentencing; and second, that the FSA lowered the sentencing range applicable to such quantity.

As to defendant's claim that he is entitled to a lower sentence based on the FSA, defendant argues as follows:

> he is eligible for a reduction in his 240-month sentence pursuant to 18 U.S.C. § 3582(c)(2) because it is the intention of Congress to apply the FSA consistently with any guideline amendment - - including the retroactive Amendment 750. Furthermore, the amount of controlled substance foreseeable to Mr. Boyd, far exceeds any amount of controlled substance Mr. Boyd can lawfully be held accountable for.

Motion (#93) at 3-4. Section 3582(c)(2) provides, as follows:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994 (o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The FSA amended provisions of 21 U.S.C. § 841(b) by increasing the amount of crack cocaine required to trigger mandatory minimum sentences. On June 21, 2012, the Supreme Court held that the FSA's new, lower mandatory minimums apply in the post-Act sentencing of pre-Act criminal conduct. Dorsey v. United States, 132 S.Ct. 2321, 2335–36 (2012). The Supreme Court held in Dorsey that defendants, who committed crack offenses prior to the enactment of the FSA, but were sentenced after the FSA's effective date of August 3, 2010, were entitled to the benefits of the new, lower penalties contained within the FSA. Although not citing Dorsey, defendant contends that he should now be resentenced as the statutory mandatory minimum sentence is no longer applicable to him.

While it is true that the FSA increased the amount of cocaine base necessary to trigger

imposition of a mandatory minimum sentence, review of Count One of the indictment reveals that in addition to being charged with conspiracy to possess and distribute a mixture and substance containing 50 grams of cocaine base, defendant was also charged with conspiracy to possess and distribute a mixture and substance containing five kilograms of cocaine. Indeed, the unobjected to Final PSR provided, as follows:

> The defendant is responsible for at least 8,000 pounds of marijuana, at least 999 grams of cocaine base and at least 26 kilograms of powder cocaine.

PSR (#52) at ¶ 23. While the court agrees that 50 grams of cocaine base would not now trigger the mandatory minimums contained in Section 841(b)(1)(A) under the FSA, the five kilograms of cocaine charged would by itself trigger application of the statutory mandatory minimums of Section 841(b)(1)(A). Defendant then went from a mandatory minimum of 10 years based on the quantity of cocaine to a mandatory minimum of 20 years based on a prior conviction, and would have been sentenced to mandatory life but for the government withdrawing its notice of a second prior conviction. Section 3582(c)(2), therefore, provides defendant with no relief.

Further, § 3582(c)(2) does not permit a sentence reduction as a result of a Supreme Court decision such as Dorsey, but only permits a sentence reduction based on an amendment to the Sentencing Guidelines. Section 1B1.10(b) of the Sentencing Guidelines provides that in determining whether relief is available under § 3582(c):

> the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b). Thus, when a court is asked to modify a sentence under § 3582, it may substitute only the retroactive amendment, while leaving all original sentencing determinations in place. Freeman v. United States, 131 S.Ct. 2685, 2692 (2011). The defendant in Dorsey received relief because his challenge under the FSA was made on direct appeal. The Supreme Court held that the more favorable mandatory minimums provided in the *statute* must be applied in post-FSA sentencings to pre-FSA conduct. Dorsey at 2326. However, Section 3582(c)(2) only allows for the post-judgment reduction of a sentence when the advisory guidelines range has been subsequently altered by the Sentencing Commission. See United States v. Passmore, 2012 WL 5278583, *2 (6th Cir. Oct. 25, 2012). Further underscoring the point, the Supreme Court has held that § 3582(c)(2) permits "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Dillon v. United States, 130 S.Ct. 2683, 2691 (2010). As the Court of Appeals for the Fifth Circuit explained in United States v. Stone, 473 F. App'x 393, 394 (5th Cir. 2012):

> [a] mandatory minimum statutory penalty overrides the retroactive application of a new Guideline. [Defendant's] sentence of 120 months of imprisonment was statutorily mandated, and, thus, he was not 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Id. at 394 (citations omitted). For these reasons, Dorsey relief under § 3582(c)(2) is foreclosed as a matter of law in any event.

\*\*\*

While the court will dismiss defendant's instant §3582 motion as no relief is available to him under that provision, defendant has also raised a claim that the amount of controlled substance attributed to him was not properly calculated. Such claims are typically brought in a direct appeal or through a Motion to Vacate, Set Aside, or Amend a Judgment under 28 U.S.C. §

4

2255, contending that counsel was ineffective at sentencing. Inasmuch as this court's Judgment is not yet final as the time for seeking certiorari has not yet passed, the court will not construe the instant motion as a Section 2255 motion.

Defendant is advised, however, that once the court's Judgment becomes final, he has the right to file a Section 2255 petition, but is cautioned that he has only one year in which to do so and that he may only file one petition. Where a defendant does not petition for certiorari, the §2255(f)(1) clock begins to run when the time for filing a petition for certiorari expires, which is 90 days after entry of the Court of Appeals' judgment. S.Ct. R. 13(1); see also Clay v. United States, 537 U.S. 522, 532 (2003) (holding "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires.").

## ORDER

**IT IS, THEREFORE, ORDERED** that pro se Motion for Sentence Reduction (#93) is **DENIED** without prejudice.

Signed: July 3, 2013

Max O. Cogburn Jr.
United States District Judge