UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00199-MOC

| | | |
|---|---|---|
| **PATRICK JEROME BOYD,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1) and Amended Motion to Vacate, Set Aside, or Correct Sentence (#8).

I.

Petitioner along with two co-defendants was indicted by the Grand Jury for the Western District of North Carolina, which charged him with conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty kilograms or more of crack cocaine, all in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). United States v. Boyd, et al., 3:10cr72 (W.D.N.C. 2010). As to petitioner, an Information was filed pursuant to 21 U.S.C. § 851, which provided petitioner with notice of the government's intent to seek an enhanced sentence based on petitioner's two prior convictions from the State of Arizona for felony drug offenses, to wit, possession of marijuana on December 5, 2001; and possession of a narcotic drug on July 19, 2004. Id. at (docket #6).

After such Information was filed, petitioner, assisted by counsel, entered into a written plea agreement in which he agreed to plead guilty to the drug conspiracy charge. Id. at (docket

-1-

#30). In that agreement, petitioner therein stipulated that "the 2004 conviction referenced in [the] information is a valid predicate prior felony conviction under 21 U.S.C. 851, and that he has no challenge to the same." Id. at ¶ 4. In exchange, the respondent agreed to withdraw the § 851 notice as to all prior felony drug offenses other than the 2004 conviction stipulated to by petitioner. As the parties therein anticipated, such plea and stipulation would result in a statutory minimum of 20 years and a maximum of life in prison. Id. Further, petitioner agreed to waive his right to appeal or otherwise contest his conviction and sentence, with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. Id. at ¶¶ 21-22.

A Rule 11 proceeding on petitioner's plea was conducted by United States Magistrate Judge David S. Cayer. After conducting an extensive, sworn inquiry with petitioner and his counsel, Judge Cayer accepted such plea based on a finding that such plea was "knowingly and voluntarily made." Id. at (#34 & #87). After a presentence investigation report was prepared, the court granted petitioner's request to delay sentencing based on pending proceedings of the Court of Appeals for the Fourth Circuit in United States v. Simmons, No. 08-4475.

After the appellate court issued its decision, United States v. Simmons, 649 F.3d 237, 249 (4th Cir. 2011) (en banc), a sentencing hearing was convened. At that hearing, the court first inquired of petitioner as to whether the answers he gave to the magistrate judge at the Rule 11 hearing were correct. After petitioner confirmed his answers and informed the court that his answers remained unchanged, the court confirmed acceptance of the plea and, after a factual basis was established, entered a Verdict of guilty. The government then withdrew the notice of one of the two prior felony drug convictions as it promised to do, and the court sentenced petitioner at the bottom of the guidelines range (20 years to life) to 20 years imprisonment,

which was the statutory mandatory minimum for the offense of conviction with one prior felony drug conviction. Petitioner filed a direct appeal of his conviction and such sentence. United States v. Boyd, No. 12-4328. In that appeal, petitioner asserted two claims: that his 2004 Arizona drug conviction did not qualify as a predicate offense after Simmons; and that he received ineffective assistance of counsel for counsel's failure to fully investigate the Simmons issue. The court dismissed the first claim as barred by petitioner's appellate waiver and rejected the claim of ineffective assistance after finding no conclusive evidence of ineffectiveness in the record. United States v. Boyd, 520 F. App'x 224 (4th Cir. 2013).

Within a year of the Judgment becoming final, petitioner filed this action. On July 2, 2014, the court conducted an initial screening, identified colorable claims, and directed that the government Answer or otherwise respond to the petition within 60 days. Order (#2). On September 3, 2014, respondent filed its Response (#4) and Motion to Dismiss (#5), and on September 8, 2014, petitioner filed a Motion to Amend (#8), which mooted the respondent's Motion to Dismiss as provided in Rule 15, Federal Rules of Civil Procedure.

On September 16, 2014, the court granted the Motion to Amend and instructed the government to Answer or otherwise respond to the Amended Motion to Vacate, Set Aside, or Correct Sentence with 60 days. Order (#7). After seeking and receiving an extension of that deadline, Order (#10), respondent filed its Supplemental Response (#11) on December 18, 2014.

After conducting an initial review of the Supplemental Response, the court determined that respondent was again seeking dismissal and, under Rule 5(d) of the Rules Governing Section 2255 Proceedings, allowed petitioner an opportunity to file a reply to such response. Order (#12). Within the time provided, petitioner filed his Reply (#13), which presents

arguments in opposition to the respondent's supporting arguments and incorporates all of his earlier arguments. In addition, it appears that petitioner, without leave of court, has raised an additional ground in his Reply, but requires no response from the government.

It appearing that the issues have been fully briefed, the court enters the following findings, conclusions, and Order denying the petitioner's Motion to Vacate, Set Aside, or Correct Sentence and amended Motion to Vacate, Set Aside, or Correct Sentence.

II.

In collaterally attacking his conviction and sentence, petitioner made the following contentions:

(1) his 20-year sentence is invalid because the 2004 Arizona conviction is not a valid predicate conviction after <u>Simmons</u> and trial counsel was ineffective for failing to fully investigate and successfully raise the issue before the district court;

(2) he received ineffective assistance of counsel based on trial counsel's advice at the plea bargaining phase that he faced mandatory life imprisonment;

(3) the indictment improperly charged two conspiracies in a single count;

(4) a co-conspirator's conduct was not reasonably foreseeable to Petitioner; and

(5) the Court engaged in impermissible fact-finding in violation of the Sixth Amendment;

(6) the predicate 2004 Arizona conviction was invalid;

(7) petitioner's plea was not knowing and voluntary;

(8) the court engaged in improper judicial fact finding; and

(9) the magistrate judge lacked jurisdiction to take plea.

See Motion to Vacate, Set Aside, or Correct Sentence (#1), Amended Motion to Vacate, Set Aside, or Correct Sentence (#8), and Reply (#13). The court will consider each contention *seriatim.*

III.

**A. Ineffective Assistance of Counsel concerning 2004 predicate Arizona Conviction**

Petitioner first contends that the he is entitled to Section 2255 relief because his trial attorney failed to fully investigate and then argue that Simmons precluded the use of his 2004 Arizona state court conviction as the basis for a statutorily enhanced penalty under Section 851. There is no merit to this claim.

In Simmons, supra, the Court of Appeals for the Fourth Circuit revisited and reconsidered its earlier holding that, in the context of applying an enhancement under the Armed Career Criminal Act, a conviction was for "a crime punishable by imprisonment exceeding one year if any defendant charged with that crime could receive a sentence of more than one year." United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005) (internal quotation and citation omitted). In light of the intervening decision of the Supreme Court in Carachuri-Rosendo v. Holder, 130 S. Ct. 2581 (2010), the appellate court held *en banc* in Simmons that "'[T]he conviction itself' must serve as our 'starting place.'" Simmons, 649 F.3d at 243. By examining the defendant's state-court record, the appellate court determined that it contained no findings exposing Defendant Simmons to the elevated state sentence necessary to trigger enhancement

under the ACCA. Id. Thus, in order for a prior felony conviction to serve as a predicate offense under the mandatory-minimum provisions of the Controlled Substances Act, the individual defendant must have been convicted of an offense for which *he* or *she* could have received a sentence of more than one year in prison. Simmons, 649 F.3d at 242–43.

Petitioner argues his counsel was ineffective for failing to persuade this court at sentencing that his prior Arizona drug conviction was not a felony offense. He contends that counsel should have argued that because the state-court plea agreement called for sentencing as a "non-dangerous, non-repetitive" offender, that agreement meant he would not serve any time in prison. Motion (#1) at 4-8. The Arizona plea agreement, attached to his petition, provides that "[t]he crime [to which he pled guilty] carrie[d] a presumptive sentence of 2.5 years; a minimum sentence of 1.5 years . . . and a maximum sentence of 3 years." Motion (#1) at 24. While it is undisputed that under Arizona law a defendant is entitled to a sentence of probation for a possession offense, the mandatory probation provision does not apply to a third personal possession conviction, Ariz. Rev. Stat. § 13-901.01(A), (H)(1), and, as set forth in the presentence report, petitioner's 2004 conviction was his third Arizona drug possession offense.

As such, petitioner was potentially eligible for, but not necessarily entitled to, a probationary sentence under Arizona law. Ariz. Rev. Stat. § 13-3408(C). In fact, he faced a maximum sentence of 3 years' imprisonment for that prior conviction. Even if his Arizona plea agreement capped his exposure at something less than 12 months, the appellate court's recent decision in United States v. Valdovinos, 760 F.3d 322 (4th Cir. 2014), precludes the relief sought as the maximum sentence petitioner faced for the predicate offense remained in excess of one year of imprisonment, regardless of what he may have agreed to in the state plea. As the

appellate court has held, "the qualification of a prior conviction [as a sentencing predicate] does not depend on the sentence [a defendant] actually received," but on the maximum sentence permitted. United States v. Edmonds, 679 F.3d 169, 176 (4th Cir. 2012), *vacated on other grounds*, ––– U.S. –––, 133 S.Ct. 376, *aff'd on remand*, 700 F.3d 146 (4th Cir.2012). As a matter of law, petitioner's legal theory is without merit and it simply cannot be ineffective assistance of counsel for an attorney to fail to raise a meritless argument. Further, petitioner "stipulate[d], agree[d], and affirm[ed]" as an explicit term of his plea agreement "that the 2004 conviction referenced in that [§ 851] information is a valid predicate prior felony conviction under 21 U.S.C. 851, and that he has no challenge to the same." Plea Agreement at ¶ 4. In the face of this explicit provision, petitioner's counsel did not act deficiently by failing to argue that the 2004 conviction was not, in fact, a qualifying predicate conviction. Had he done so, the government could have withdrawn the plea for violating an essential term. Finally, the rationale of Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), on which Simmons was based, has not been extended to Arizona drug convictions.

Petitioner's first claim is without merit.

**B. Ineffective Assistance of Counsel as to Potential Life Sentence**

Petitioner next contends that he received ineffective assistance of counsel during the plea bargaining process because his attorney misinformed him and coerced him into pleading guilty by informing him he faced a mandatory life sentence if he failed to enter a plea. Motion (#1) at 8-9.

The Supreme Court has recognized the right to "effective counsel during plea negotiations." Missouri v. Frye, 132 S. Ct. 1399, 1407-08 (2012); see Lafler v. Cooper, 132 S.

Ct. 1376, 1384 (2012) (same). While there is no constitutional right for a defendant to enter into a plea agreement, see Weatherford v. Bursey, 429 U.S. 545, 561 (1977), and the decision to initiate plea negotiations is ordinarily a strategic decision within the purview of defense counsel, Hawkman v. Parratt, 661 F.2d 1161, 1171 (8th Cir. 1981), counsel is still required to be a "reasonably effective advocate" regarding the decision to seek a plea bargain. Brown v. Doe, 2 F.3d 1236, 1246 (2d Cir. 1993).

In this case, at the time petitioner pled guilty in July 2010, Harp and Jones were still good law in this circuit and any advice rendered at that time that petitioner faced life imprisonment was actually correct advice. Thus, it cannot amount to ineffective assistance of counsel for an attorney to correctly advise petitioner of possible penalties that are in fact accurate at the time the advice was given.

### C. Petitioner's Challenges to the Conviction and Sentence

In his third, fourth, and fifth contentions petitioner neither alleges ineffective assistance of counsel nor asserts prosecutorial misconduct. Instead, he challenges the lawfulness of the Indictment, takes issue with conduct that was attributed to him, and contends that the court engaged in improper fact finding in violation of the Sixth Amendment to the United States Constitution. All of these claims are precluded by petitioner's plea waiver and the respondent has sought to enforce such right under the agreement. As this court earlier found at sentencing, petitioner knowing and voluntarily waived his right to assert such arguments, making such waiver fully enforceable. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Such claims are dismissed as waived. In addition, each of these claims have also been procedurally defaulted upon as petitioner failed to pursue such claims either in the underlying criminal action

or on direct appeal.  Massaro v. United States, 538 U.S. 500, 504 (2003).

Petitioner has not shown cause and actual prejudice or that a complete miscarriage of justice would result if this court were to not take up those issues on collateral review.  Moreover, petitioner cannot make such a showing as each of those claims (three through five) are substantively meritless.

**D.  Collateral Attack on Predicate 2004 Arizona Conviction**

In his Amended Motion, petitioner has attempted to collaterally attack the validity of his predicate 2004 Arizona conviction.  Specifically, petitioner takes issue with the Arizona state court's decision in 2004 to treat such offense as a third drug conviction, which exposed him to incarceration than exceeded 12 months.  Such a claim is not cognizable on Section 2255 review.  Daniels v. United States, 532 U.S. 374, 384 (2001).  As petitioner is not challenging his prior state conviction on any violation of his right to counsel in that prosecution, he is prohibited from collaterally attacking the 2004 Arizona conviction in his § 2255 motion.  This contention is, therefore, without merit.

**E.  Plea Not Knowing and Voluntary**

In the second contention raised in his Amended Motion, petitioner, having earlier contended that he received ineffective assistance in the plea process, now contends that the Plea entered in this court was not knowing and voluntary.  As the record clearly indicates, both Judge Cayer and the undersigned conducted inquiries with petitioner and independently concluded that his plea was knowing and voluntary.  As petitioner did not raise such issue either in the criminal case or on direct appeal, this claim is also procedurally defaulted as a matter of well settled law.

United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999). Substantively, the claim is also without merit as it is clear from the Rule 11 and Sentencing transcripts that petitioner knew the consequences of his plea and that he entered into that agreement of his own volition. This claim is without merit.

### F. Judicial Fact Finding

Petitioner also claims that under the reasoning of Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013), he is entitled to relief because this court engaged in impermissible fact finding when it determined that his 2004 Arizona conviction qualified as a predicate felony under Section 851. The Alleyne Court held that facts that trigger the application of a statutory mandatory-minimum sentence are elements of the offense and, therefore, must be submitted to the jury for proof beyond a reasonable doubt. First, Alleyne is not retroactively applicable, making petitioner's argument without any legal merit. Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285–86 (11th Cir. 2014) (collecting cases). Second, even if Alleyne were retroactively applicable, it would have no application to petitioner as he pled guilty and stipulated to the applicability of the predicate offense under Section 851. Finally, the Alleyne decision makes it clear that the "fact" of a prior conviction is not an element that must be found by a jury. Alleyne, 133 S.Ct. at 2160 n.1. This claim is, therefore, without merit.

### G. Magistrate judge lacked Jurisdiction to Take Plea

While not permissible, petitioner has also raised a new claim in his Reply to the government's response, to wit, that Judge Cayer lacked authority to take the plea, making any determination by him not binding on petitioner. No response is needed to this claim as it is patently frivolous.

The law is well settled in the Fourth Circuit that a magistrate judge may take a felony guilty plea. United States v. Benton, 523 F.3d 424, 431–32 (4th Cir. 2008). In this case, Judge Cayer properly took and accepted the plea and this court, at the Sentencing Hearing, again went over the answers he gave at the Rule 11 proceding:

> THE COURT: If I asked you the same questions today, would your answers be the same?
> DEFENDANT: Yes.
> ***
> THE COURT: Mr. Boyd, did you answer those questions the way you did and are you going forward with your guilty plea today because you did commit the crime you're pleading guilty to?
> DEFENDANT: Yes.
> COURT: All right. Based upon those representations and the answers given by the defendant at the Rule 11 hearing before the magistrate judge, the court affirms the judge's finding that the defendant's plea of guilty was knowingly and voluntarily made. The court also affirms … the magistrate judge's finding that the defendant understood the charges, the potential penalties, and the consequences of his plea. Accordingly, the court affirms the magistrate judge's acceptance of the defendant's plea of guilty at the Rule 11 hearing.

Sent. Trans. (3:10cr72 #88) at 3-4. This additional claim is, therefore, without merit.

## IV.

In conclusion, petitioner has failed to show that his counsel was in any manner ineffective or that he is entitled to any Section 2255 relief on any basis.

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687, 687-91 (1984). In order to satisfy the performance prong, the petitioner "must show that

counsel's representation fell below an objective standard of reasonableness." Id., at 687-88.  In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance.  Id., at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).  The prejudice prong is satisfied by showing that

> there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Id., at 694.  The petitioner "bears the burden of proving Strickland prejudice."  Fields, 956 F.2d at 1297 (citation omitted).  If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong."  Id., at 1290, citing Strickland, 466 U.S. at 697.  In considering the prejudice prong of the analysis, the court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different.  Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999).  Rather, the court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'"  Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993). In this case, petitioner's case was in no manner prejudiced by his counsel.  Quite the opposite: counsel was highly effective in achieving a favorable result, a bottom of the advisory Guidelines sentence, albeit a mandatory minimum.   The fact that petitioner is now dissatisfied with that result is simply not a basis for relief from the conviction or sentence under Section 2255.  As to the remaining contentions, those claims are waived, procedurally barred, and/or without any legal merit.

V.

**Denial of Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller El v. Cockrell, 537 U.S. 322, 336 38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

**ORDER**

**IT IS, THEREFORE, ORDERED** that petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#1) and Amended Motion to Vacate, Set Aside, or Correct Sentence (#8) are **DENIED**, and this action is **DISMISSED WITH PREJUDICE**. The court declines issuance of a Certificate of Appealability for the reasons provided herein.

The Clerk of Court shall enter a Judgment dismissing this action with prejudice.

Signed: February 6, 2015

Max O. Cogburn Jr.
United States District Judge