UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cr-72-MOC

| UNITED STATES OF AMERICA, | ) |
|---|---|
| | ) |
| vs. | ) |
| | ) **ORDER** |
| PATRICK JEROME BOYD, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Defendant Patrick Jerome Boyd's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 128). The Government has responded in opposition to the motion. (Doc. No. 134).

### I. BACKGROUND

Between 2005 and 2007, Defendant, who lived in Phoenix, Arizona, supplied large quantities of cocaine and marijuana to a co-conspirator named Winston Poyer in Miami, Florida. (Doc. No. 52 ¶ 15). Between 2007 and 2009, Boyd sold large quantities of cocaine to Melvin Lurry, another co-conspirator in Charlotte, North Carolina. (Id. ¶¶ 11–13). From January to May of 2008, Lurry bought one kilogram of cocaine from Defendant every month, cooking the cocaine into two kilograms of crack cocaine. (Id. ¶ 11). Between June of 2008 and March of 2009, Lurry bought two kilograms of cocaine a month from Defendant. (Id.). Lurry and Defendant used multiple bank accounts to facilitate payment of funds to Defendant. (Id. ¶ 13). Based on Defendant's dealings with his co-conspirators, at least 8,000 pounds of marijuana, 999 grams of crack cocaine, and 26 kilograms of powder cocaine were reasonably foreseeable to Defendant. (Id. ¶ 17).

A federal grand jury indicted Defendant and charged him with conspiracy to possess with

-1-

intent to distribute and to distribute at least 50 grams of crack cocaine and at least 5 kilograms of powder cocaine, 21 U.S.C. § 846. (Doc. No. 16). The United States filed an information under 21 U.S.C. § 851, notifying Defendant and this Court that the United States would seek an enhanced penalty based on Defendant's two prior felony drug offenses. (Doc. No. 6). One of those prior convictions was for possession of marijuana for which Defendant was sentenced to two years in prison. (Doc. No. 52 ¶ 38). The second prior conviction was for possession of cocaine. (Id. ¶ 40).

Defendant entered into a plea agreement with the United States and pleaded guilty to the conspiracy offense. (Doc. No. 30 ¶ 1; Doc. No. 34). He agreed that at least 15 kilograms of but less than 50 kilograms of powder cocaine and at least 500 but less than 1,500 grams of crack cocaine were reasonably foreseeable to Defendant. (Doc. No. 30 ¶ 8(a)). The United States agreed to withdraw one of its prior convictions contained in the Section 851 information, reducing the mandatory-minimum sentence from life in prison to 20 years in prison. (Id. ¶ 4).

This Court's probation office submitted a presentence report and calculated a total offense level of 33 and a criminal-history category of IV. (Doc. No. 52 ¶¶ 31, 43). The Sentencing Guidelines advised a sentence of between 188 and 235 months in prison. (Id. ¶ 55). Defendant faced a mandatory-minimum sentence of 20 years in prison. (Id. ¶ 56). This Court sentenced Defendant to 240 months in prison, the mandatory minimum.

In June of 2020, Defendant moved this Court for compassionate release. (Doc. No. 114). In August of 2020, this Court denied Defendant's motion. (Doc. No. 119). This Court assumed that Defendant had shown an extraordinary and compelling circumstance related to his medical condition because the United States did not submit his medical records. (Id. at 4). But this Court also found that the sentencing considerations described in 18 U.S.C. § 3553(a) weighed against

Defendant's compassionate release. (Id.).

In April of 2024, Defendant submitted a compassionate release request to the warden of his Bureau of Prisons facility. (Doc. No. 128-1 at 1). The warden denied Defendant's request. (Id.). While in the Bureau of Prisons, Defendant has not received any disciplinary citations. (Gov't Ex. 1). He has completed at least 102 educational and work programs, receiving his GED. (Gov't Ex. 2). Defendant is currently scheduled for release in April of 2026. (Gov't Ex. 3).

Defendant now asks this Court to grant him compassionate release. (Doc. No. 128). Defendant asserts that if he were sentenced today, he would not be subject to an increased penalty based on his prior felony drug offenses. (Id. at 1). Defendant also asserts that he has made significant post-imprisonment efforts at rehabilitation. (Id. at 2).

## II.     DISCUSSION

Section 3582(c)(1)(A) authorizes a district court to reduce a defendant's sentence, after considering the sentencing factors described in 18 U.S.C. § 3553(a), if the court finds that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement applicable to compassionate-release motions is Sentencing Guidelines § 1B1.13. Although the Fourth Circuit held in United States v. McCoy that § 1B1.13 was not an "applicable policy statement" limiting a district court's authority to grant compassionate release because the Sentencing Commission had not amended § 1B1.13 to incorporate changes to § 3582(c)(1)(A) made by the First Step Act, 981 F.3d 271, 282 (4th Cir. 2020), the Sentencing Commission amended Section 1B1.13, effective November 1, 2023. The amended policy statement now governs Defendant's motion for compassionate release.

Section 1B1.13, as amended, authorizes this Court to grant a defendant's motion for compassionate release if this Court finds that extraordinary and compelling reasons warrant a sentence reduction and that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a). Section 1B1.13(b) describes five categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant, (2) the age of the defendant, (3) a defendant's family circumstances, (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury," and (5) an unusually long sentence.

Medical circumstances that a court may find to support a finding of extraordinary and compelling reasons include a terminal illness; a serious medical condition or impairment or a deterioration of physical or mental health caused by aging that "substantially diminishes the ability of the defendant to provide self-care and from which he is not expected to recover; and a medical condition requiring long-term or specialized medical care that is not being provided and that presents a risk of serious deterioration in health or death. Id. § 1B1.13(b)(1). A court may also find extraordinary and compelling reasons justifying compassionate release under this category if the defendant shows that he is housed at a correctional facility affected by an ongoing outbreak of infectious disease or public health emergency, the defendant is at increased risk of suffering severe medical complications or death as a result, and this risk cannot be adequately mitigated in a timely manner. (Id.).

A defendant's age may constitute an extraordinary and compelling reason if the defendant is at least 65 years old, is experiencing a serious and age-related deterioration in

physical or mental health and has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. Id. § 1B1.13(b)(2). Family circumstances may constitute an extraordinary and compelling reason upon (1) the death of incapacitation of the caregiver of the defendant's minor child or the defendant's older child who is incapable of self-care because of a medical disability or condition, or (2) the incapacitation of the defendant's spouse, partner, parent, or equivalent relation when the defendant would be the only available caregiver. Id. § 1B1.13(b)(3). A court may also find that extraordinary and compelling reasons for compassionate release exist where a defendant presents "any other circumstance or combination of circumstances that "are similar in gravity to those described" above.

Additionally, a court may find extraordinary and compelling reasons warranting compassionate release where a defendant received "an unusually long sentence" and has served at least 10 years of that sentence and a new legal development, other than a retroactive amendment to the Sentencing Guidelines, "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Id. § 1B1.13(b)(6). A court considering whether a change in law constitutes an extraordinary and compelling circumstance must consider fully "the defendant's individualized circumstances." Id.

Defendant has not identified any extraordinary and compelling reason to grant him compassionate release. Defendant is correct that if he were sentenced today, he would be subject to a mandatory-minimum sentence of 10 years, instead of 20 years, because his prior felony drug offense does not constitute a "serious drug felony," as required today for the imposition of an increased mandatory minimum. See 21 U.S.C. § 841(b)(1)(A)(ii); 18 U.S.C. 802(57) (defining "serious drug felony" to be an offense described in 18 U.S.C. § 924(e)(2)); 18 U.S.C. § 924(e)(2)

(defining "serious drug offense" to include an "offense under State law, involving the manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law"). Defendant was convicted in 2004 of a drug-possession offense, related to his possession of four small baggies of an unknown amount of cocaine. It does not appear that he was convicted of possessing with intent to distribute, as required to constitute a serious drug felony.

Defendant cannot show, however, that he is serving an "unusually long sentence" that is "grossly disparate" from the sentence he would receive today. First, Defendant's sentence of 240 months for a drug-trafficking offense that involved such large quantities of powder and crack cocaine is not "unusually long." Next, if he were sentenced today without the 20-year mandatory minimum, he would be subject to a total offense level of 31, based on his responsibility for 12,391 kilograms of converted drug weight. See U.S.S.G. 2D1.1 cmt. n.8(D). Based on a total offense level of 34 and a criminal-history category of IV, the Guidelines would advise a sentence of between 151 and 188 months in prison. While a 52-month sentence difference is significant, it is not "grossly disparate."

Additionally, Defendant's rehabilitative efforts, while laudable, are not sufficiently extraordinary and compelling to warrant compassionate release. Defendant has been in prison more than 10 years. His 102 educational courses and work assignments represent approximately 10 courses and work assignments a year. He has successfully obtained his GED, but he has not submitted any letters describing extraordinary efforts at rehabilitation, beyond the completion of routine programming and remaining infraction free.

The Court further finds that, even if Defendant had identified an extraordinary and compelling reason to justify his compassionate release, the sentencing considerations described in 18 U.S.C. § 3553(a) also counsel against any sentence reduction. Defendant trafficked an extraordinary amount of cocaine, marijuana, and crack cocaine. While Defendant's criminal history is not extensive, he has prior convictions for aggravated assault and drug offenses, and he has not shown that he no longer poses a threat to society. Considering the nature and circumstances of Defendant's offense conduct, his history and characteristics, the need to protect the public, and the need to provide just punishment and deter Defendant and others from committing similar criminal offenses, his sentence of 240 months in prison and his scheduled release in September of 2026 remain appropriate when measured against those sentencing considerations.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 128), is **DENIED**.

Max O. Cogburn Jr.
United States District Judge